UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
IN RE:

MIRENA IUD PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*
-----------------------------------------------------------------------x

**ORDER NO. 1**

13-MD-2434 (CS)

Seibel, J.

  It appearing that the civil actions listed on Schedule A, attached hereto -- which were

transferred to this Court by the April 8, 2013 Order of the Judicial Panel on Multidistrict

Litigation ("JPML"), (Doc. 1; MDL Doc. 119), or consolidated with the multidistrict litigation

("MDL") by my April 10, 2013 Order, (Doc. 7) -- merit special attention as complex litigation, it

is hereby ORDERED that:

I. **APPLICABILITY OF THIS ORDER**

  The provisions of this Order shall govern the practice and procedure in those actions:  (1)

transferred to this Court by the JPML pursuant to its April 8, 2013 Order; (2) all related actions

against Defendant Bayer HealthCare Pharmaceuticals, Inc. and/or Bayer Corporation ("Bayer")

alleging migration or perforation injuries caused by the Mirena intrauterine contraceptive system

that were filed in the Southern District of New York and have previously been or will be

transferred to MDL-2434; and (3) any "tag-along" actions later filed in, removed to, or

transferred to this Court.  The Clerk will send a copy of this Order to counsel for any plaintiffs or

newly named defendants in any case newly filed or transferred to this Court.  This Order vacates

any case management or scheduling order issued by a federal court prior to the transfer of a case

to MDL-2434.  Moreover, all pending motions and discovery requests in the transferor courts are

denied without prejudice, and will be adjudicated under procedures set forth in this Order and subsequent orders issued by this Court.

## II.  <u>CONSOLIDATION</u>

The civil actions listed on Schedule A are consolidated for pretrial purposes.  Any "tag-along" actions later removed to or transferred to this Court, or directly filed in the Southern District of New York, will automatically be consolidated with this action without the necessity of future motions or orders.  This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

## III.  <u>DIRECT FILING OF CASES</u>

Counsel for Bayer shall advise the Court by letter, by May 11, 2013, whether it will stipulate that it will not object, based on improper venue, to the filing directly in the Southern District of New York of related cases that emanate from other districts and that would appropriately be included in this MDL, on the understanding that upon completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this provision, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, after considering the recommendations of the parties to that case.

## IV.  <u>POSITION STATEMENTS</u>

By the close of business on May 11, 2013, the Plaintiffs jointly and the Defendant shall each send the Court separate statements, not to exceed five double-spaced pages, setting forth their preliminary understanding of the facts involved in the litigation and the critical legal issues, as well as a separate list of all related cases pending in state or federal court, together with their

current status, including discovery taken to date and pending motions, to the extent known.

**These statements must be served on opposing counsel but will not be filed with the Clerk of**

**Court**, will not be binding, will not waive claims or defenses, and may not be offered in

evidence against a party later in the proceedings.  Each side is limited to one submission.

## V.  <u>CAPTION</u>

All orders, pleadings, motions, and other documents served or filed in MDL-2434 shall

bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
IN RE:

MIRENA IUD PRODUCTS LIABILITY LITIGATION

*This Document Relates To ["All Actions" or specify by title*            13-MD-2434 (CS)
*and case number the individual applicable cases if the*
*document relates to less than all of the consolidated cases]*
-----------------------------------------------------------------------x

## VI.  <u>FILING AND SERVICE OF DOCUMENTS</u>

All counsel are required to register for and participate in this Court's CM/ECF filing

system.  This system gives each counsel immediate access to all electronically filed documents

and obviates the need to make personal service on the individual parties.  Unless otherwise

ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be

filed in accordance with the Southern District of New York's Local Rules.

The Court will serve all orders through the ECF system.  Upon their appointment,

Plaintiffs' lead and/or liaison counsel shall be responsible for providing copies of any order,

pleading, motion, letter, or other document to any party/counsel who does not receive service of

the order through the ECF system.

Attorneys who are in good standing in each state in which they are a member of the bar and who are admitted to practice in any U.S. District Court may be admitted *pro hac vice* in this litigation, without the need to associate local co-counsel.  Motions to appear *pro hac vice* must be filed online using the Court's CM/ECF system.  Instructions can be found at http://www.nysd.uscourts.gov/pro_hac.php.

## VII.   <u>INITIAL CONFERENCE</u>

The Court will conduct an Initial Conference on May 17, 2013 at 10:30 a.m. in Courtroom 621 at the Charles L. Brieant Courthouse, 300 Quarropas Street, White Plains, New York.

### A. *Familiarity with* Annotated Manual for Complex Litigation

Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth Edition* ("MCL 4th"), a copy of which is available at https://public.resource.org/scribd/8763868.pdf, in advance of this conference, and to be prepared to suggest procedures that will facilitate expeditious, economical, and just resolution of this litigation.

### B. *Personal Appearance not Required*

Each party represented by counsel shall appear at this conference through his or her attorney, who will have primary responsibility for the party's interest in this litigation.  Should a party not represented by counsel appear in this MDL, that party must appear at future conferences in person, unless otherwise ordered.  To minimize costs and facilitate a manageable conference, parties with similar interests may, to the extent practicable, agree to have an attending attorney represent their interests at the conference.  A party will not, by so designating an attorney to represent his/her interests at the conference, be precluded from other

4

representation during the litigation.  Attendance at the conference will not waive objections to jurisdiction, venue, or service.

### C.  Agenda and Pretrial Schedule

Counsel for the parties shall confer in advance of this conference to discuss (1) a proposed agenda for the Initial Conference and (2) a proposed schedule for pretrial activities, including discovery and motions, in this MDL.  The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall constitute a tentative agenda for the conference.  Counsel for Bayer shall send the Court a letter, not to exceed five pages, by the close of business on May 11, 2013, setting forth the parties' proposals.  The parties shall also be prepared to discuss whether and how the discovery to date in some of the consolidated cases (specifically, the District of South Carolina *Baugh* and Middle District of Georgia *Osborne* cases, (*see* Doc. 1, at 2 n.2.)), will influence the discovery schedule in these consolidated actions.

### D.  Lead and Liaison Counsel

Counsel for Plaintiffs, to the extent they have not already done so, shall confer in advance of the conference and submit three recommendations for the positions of Plaintiffs' lead counsel and Plaintiffs' liaison counsel, respectively.  Plaintiffs shall send to the Court, by the close of business on May 11, 2013, their recommendations for each position, along with each nominee's resume or curriculum vitae (not to exceed three pages) – which should include educational background, licensing status, and a short list of relevant experience with similar cases – and certificates of good standing from the courts where the individuals are admitted to practice.  To the extent that the Plaintiffs have reached consensus on one of the three recommendations for lead or liaison counsel, respectively, such consensus should be noted in Plaintiffs' submission.

**These recommendations shall not be filed with the Clerk of Court.**  The duties of lead and liaison counsel are enumerated in the MCL 4th Section 10.22.

>    *E.  Plaintiffs' Committees*

Plaintiffs shall confer in advance of this conference and seek consensus on the necessity and desirability, or not, of a Plaintiffs' steering committee or other committees, as defined and discussed in the MCL 4th Section 10.221.  Counsel shall be prepared to discuss the necessity and desirability of such committees, as well their size, composition, and scope, at the Initial Conference.

**VIII.   <u>EXTENSION AND STAY</u>**

To the extent it has not already answered, Bayer is granted an extension of time for responding to the Complaints by motion or answer until a date set by this Court.  Pending the Initial Conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery requests shall be initiated.  This Order does not, however, preclude the provision of voluntary discovery by any party.

**IX.   <u>DISCOVERY</u>**

The JPML noted that fact discovery is nearly complete in the District of South Carolina *Baugh* and Middle District of Georgia *Osborne* actions.  (Doc. 1, at 2 n.2.)  Bayer shall prepare to make such discovery available and usable in all other cases consolidated in this MDL promptly after discussion of the same at the Initial Conference.  Counsel shall also be prepared to discuss scheduling issues relating to consolidated expert discovery.

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in the possession, custody, and control of parties to this action, and any employees, agents, contractors,

carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.  "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material.  Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.  Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of this directive.

**SO ORDERED.**

Dated:  April 12, 2013
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

## SCHEDULE A

- *Harp v. Bayer Healthcare Pharm., Inc.*, No. 13-CV-0004 (E.D. Ark.)

- *Williams v. Bayer Healthcare Pharm., Inc.* No. 12-CV-2669 (S.D. Cal.)

- *Osborne v. Bayer Corp.*, No. 11-CV-0421 (M.D. Ga.)

- *Sweet v. Bayer Healthcare Pharm., Inc.*, No. 12-CV-0839 (W.D. Ky.)

- *Barnett v. Bayer Healthcare Pharm., Inc.*, No. 12-CV-2780 (N.D. Ohio)

- *Johnson v. Bayer Healthcare Pharm., Inc.*, No. 12-CV-0852 (S.D. Ohio)

- *Baugh v. Bayer Corp.*, No. 11-CV-0525 (D.S.C.)

- *Murphy v. Bayer Healthcare Pharm., Inc.*, No. 13-CV-0773 (S.D.N.Y.)

- *Miller v. Bayer Healthcare Pharm., Inc.*, No. 13-CV-1168 (S.D.N.Y.)

- *McLaughlin v. Bayer Healthcare Pharm., Inc.*, No. 13-CV-1748 (S.D.N.Y.)